# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JENNIFER ROBI,                         *
                                       *    No. 13-734V
                  Petitioner,          *    Special Master Christian J. Moran
                                       *
v.                                     *    Filed: April 15, 2015
                                       *
SECRETARY OF HEALTH                    *    Decision on the record; insufficient
AND HUMAN SERVICES,                    *    proof of causation; human
                                       *    papillomavirus ("HPV") vaccine;
                  Respondent.          *    influenza ("flu") vaccine.
* * * * * * * * * * * * * * * * * * * *
```

Sol P. Ajalat, Ajalat & Ajalat, North Hollywood, CA, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION [1]

     Jennifer Robi filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2006), on September 25, 2013. Her petition alleged that she developed an acquired demyelination neuropathy or an aggravation of existing fibromyalgia from the receipt of the human papillomavirus ("HPV") vaccines administered to her on March 4, 2010, June 29, 2010, and January 20, 2011, and influenza ("flu") vaccines administered on October 1, 2010, and September 12, 2011. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.  Procedural History

On September 26, 2013, Ms. Robi filed medical records, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A).  She continued to file additional medical records periodically.  During status conferences, the parties discussed the need for petitioner to obtain a report from an expert, opining that a vaccination harmed her.

A status conference was held on October 28, 2014.  Ms. Robi indicated that she had consulted with a rheumatologist/ immunologist.  She stated that her expert would need at least 60 days to review the relevant medical records.  The undersigned prepared a list of proposed instructions for Ms. Robi's expert.  The parties were ordered to file any comments to the proposed instructions in two weeks.  Additionally, Ms. Robi was ordered to file a status report indicating the date she transmitted her medical records to her expert and a date of completion for the report.

In her status report filed on January 5, 2015, Ms. Robi stated that she had undergone extensive diagnostic testing with no tentative diagnosis besides fibromyalgia.  A status conference was held on February 3, 2015, the parties discussed the case and Ms. Robi requested 45 days to file her motion for a ruling on the record.

On March 13, 2015, Ms. Robi filed her motion for a ruling on the record. Respondent filed her response on March 27, 2015.  Accordingly, this case is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Ms. Robi must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Ms. Robi suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In

this case, because the medical records do not support Ms. Robi's claim, a medical opinion must be offered in support. Ms. Robi, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Robi has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6360.

**IT IS SO ORDERED.**

S/Christian J. Moran  
Christian J. Moran  
Special Master